# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THOMAS E. WHITE
6312 8th Street NW
Washington, D.C. 20011

*Plaintiff,*

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC.,
15480 Laguna Canyon Road
Suite 100
Irvine, CA 92618

COHN, GOLDBERG & DEUTSCH, LLC
600 Baltimore Avenue, Suite 208
Towson, MD 21204

*Defendants.*

Case No.  1:20-cv-2134


**JURY DEMAND**

## COMPLAINT

Plaintiff Thomas White brings this action against Rushmore Loan Management Services, LLC ("Rushmore") and Cohn, Goldberg & Deutsch, LLC ("Cohn") (collectively "Defendants") for engaging in unlawful debt collections under the Fair Debt Collection Practices Act, and unlawful trade practices under the District of Columbia Consumer Protection Procedures Act, during the COVID-19 foreclosure moratorium.

## VENUE AND JURISDICTION

1.      This Court has subject matter jurisdiction under 15 U.S.C. 1692k(d) without regard to the amount in controversy.

2.      This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in that the Act involves a federal question.

3.      This Court has specific jurisdiction under D.C. Code § 13-423 in that the acts and omissions giving rise to White's claims occurred in this jurisdiction.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

–1–

4.     Venue is proper under 28 U.S.C. § 1391(b)(2) in that the acts and omissions giving rise to White's claims occurred in this jurisdiction.

## PARTIES

5.     White is, and at all times mentioned herein was, an adult resident of the District of Columbia residing at 6312 8th Street NW, Washington, DC 20011.

6.     White is, and at all times mentioned herein was, a consumer as defined by 15 U.S.C. § 1692a(3) in that the subject mortgage loan was incurred for personal, family or household purposes.

7.     Rushmore is, and at all times mentioned herein was, a Delaware corporation with a principal place of business at 15480 Laguna Canyon Road, Irvine, CA 92618.

8.     Rushmore is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because its principal business purpose is collecting, or attempting to collect, defaulted consumer debts.

9.     Rushmore is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because it regularly collects, or attempts to collect, consumer debts owed to another.

10.     Rushmore is, and at all times mentioned herein was, a merchant as defined by D.C. Code §§ 28-3901(a)(3), (7) by engaging in the business of extending, directly or indirectly, consumer mortgage loan management services.

11.     In a box on the first page of Rushmore's mortgage statement to White it states: "Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose."

12.     Cohn is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because its principal purpose is collecting, or attempting to collect, consumer debts.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

13.     Cohn is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) because it regularly collects, or attempts to collect, consumer debts owed to another.

14.     Cohn's website states: "Pursuant to the Fair Debt Collection Practices Act, you are advised that this office is deemed to be a debt collector and any information obtained may be used for that purpose."

15.     DOES 1 through 10 are persons or entities whose true names and capacities are unknown to White, and who therefore are sued by such fictitious names. White is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged, are responsible for the matters alleged, and are jointly and severally liable to White. White will seek leave of court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

16.     At all times mentioned, Defendants were the agent(s) of the other and were acting within the course and scope of such agency and are jointly, severally, and vicariously liable to White for all damages.

## INTRODUCTION

17.     Congress passed the Fair Debt Collection Practices Act ("Act") after finding debt collection abuse was a widespread and serious national problem. The Act's purpose is to protect consumers from deceptive, harassing, and abusive acts, omissions, and conduct by unscrupulous debt collectors. Congress intended to eliminate these practices by enlisting sophisticated private attorneys general to benefit their less sophisticated counterparts through the deterrent effect of such actions.

18.     On March 17, 2020, the Council for the District of Columbia enacted the COVID-19 Response Emergency Amendment Act of 2020 ("COVID-19 Act"), as amended, "to address critical needs of District residents and businesses during the public health emergency including … authorities and exemptions regarding health, public safety, [and] consumer protection …."

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

For good reason: "The world is navigating the deadliest pandemic in over a century. Presently, the United States has suffered more than any other country, reporting more than two million cases of the novel coronavirus known as COVID-19, and over one hundred and [fifty] thousand deaths as a result." *See Elmsford Apartment Associates, LLC and 66 Apartment Associates, J.V. v. Andrew Cuomo, as Governor of the State of New York,* 2020 WL 3498456, *1 (S.D.N.Y. 2020). COVID-19 is "a novel severe acute respiratory illness" with "no known cure, no effective treatment, no vaccine" and caused Congress to enact bipartisan legislation. *See S. Bay United Pentecostal Church v. Newsome,* 140 S. Ct. 1613 (2020).

## FACTUAL ALLEGATIONS

19.     The original lender for White's mortgage loan was Wells Fargo. Wells Fargo filed a foreclosure action against White in D.C. Superior Court in October 2015 (Case No. 2015 CA008286 R).

20.     White filed for Chapter 13 bankruptcy protection in May 2016 (Case No. 16-00239-SMT). The plan was confirmed in July 2016. White has made monthly payments under the plan ever since, and is current with all payments.

21.     The automatic stay bars "**any act** to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." See 11 U.S.C. § 362(a)(6)(emphasis added).

22.     In March 2020, the District of Columbia enacted emergency legislation in response to the COVID-19 pandemic by issuing a moratorium prohibiting, among other things, foreclosure-related activities.[1]

23.     In May 2020, two months after Mayor Bowser declared a public health emergency, Rushmore filed a Notice of Servicing Transfer in White's bankruptcy case. See Exhibit A.

---

[1] See Coronavirus Support Congressional Review Emergency Amendment Act of 2020, Sec. 408, Act No. 23-0328, as amended ("Act").

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

24.     On July 2, 2020, Superior Court Judge Laura Cordero issued a stay on all residential foreclosure cases during the moratorium. See Exhibit B. Judge Cordero stated: "This Order applies to all residential mortgage foreclosure cases filed in the Superior Court that involve property that is owner-occupied (and in the case of deceased owners, heir- or beneficiary-occupied) as defined in the emergency legislation. **Parties remain responsible for compliance with local and federal law**." (emphasis added).

25.     On July 22, 2020, Mayor Bowser extended her declaration of a public health emergency to October 9, 2020—effective through December 9, 2020.

26.     On July 29, 2020, a week after Mayor Bowser's extension of the public health emergency to October 9, 2020, and a month after Judge Cordero's stay of foreclosure proceedings, the Defendants filed a "Motion to Lift the Automatic Stay in White's bankruptcy case alleging White was in default by 46 payments—October 2016 through July 2020. See Exhibit C. Rushmore therefore attempted to collect White's loan after it was allegedly in default.

27.     Rushmore requested relief "to foreclose on the property" and collect "late charges, attorney's fees, and costs."

28.     Rushmore attached a false, deceptive, and misleading "Assignment of Mortgage" to its Motion to avoid standing challenges.

29.     Rushmore failed to provide a 90-day deferment as required by D.C. Act 23-328 § 202(a)(1) during the foreclosure moratorium.

30.     Rushmore failed to waive "late charges, attorney's fees, and costs" during the foreclosure moratorium. See D.C. Act 23-328 § 202(a)(2)

31.     Rushmore reported derogatory tradelines to national credit bureaus during the foreclosure moratorium. See D.C. Act 23-328 § (a)(3).

32.     The Defendants' filings and credit bureau tradelines are communications in connection with collecting, or attempting to collect, a debt from White.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

33.     Cohn is based in Maryland, which also has a similar foreclosure moratorium in place. See Exhibit D. The Defendants' acts were intentional, malicious, and in open defiance of consumer protection laws.

34.     The Defendants do not maintain any processes or procedures reasonably adapted to avoid violating the District of Columbia foreclosure moratorium.

35.     White has been hospitalized for months with Lou Gehrig's disease which affects the nerve cells in his brain, requires a tracheotomy which substantially interferes with his ability verbally communicate, affects his ability to control motor functions, and causes confusion. White will require a full-time nurse after discharge because of his condition.

36.     White was very confused and emotionally upset about the Defendants' actions in light of the moratorium. The Defendants' actions have caused substantial emotional and psychological harm to White.

37.     White is the primary caretaker for his niece who resides at the subject property.

38.     Had White paid the amounts sought during the moratorium, he would have overpaid to his detriment. Thus, the wrongly-stated amounts sought as being due created a real risk of harm in the form of potential overpayment of the alleged debt.

39.     Without counsel, White would have based his decision to pay based on false, deceptive, and misleading representations by the Defendants.

40.     White has incurred actual damages including, but not limited to, attorney's fees and costs to investigate the Defendants' claims.

## CLAIMS FOR RELIEF

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

41.     White repeats, re-alleges, and incorporates by reference paragraphs 1-40 inclusive, above, as if fully set forth herein.

**(Non-Deceptive Conduct)**

42.     Defendants violated 15 U.S.C. § 1692d by initiating proceedings "to foreclose on the property" during the foreclosure moratorium.

### (Deceptive Representations and Means)

43.     Defendants violated 15 U.S.C. § 1692e by attaching a false, deceptive, and misleading "Assignment of Mortgage" to its Motion to avoid standing challenges.

44.     Defendants violated 15 U.S.C. § 1692e(2)(A) by initiating proceedings "to foreclose on the property" during the foreclosure moratorium.

45.     Defendants violated 15 U.S.C. §1692e(2)(A) by failing to provide a 90-day deferment period during the foreclosure moratorium.

46.     Defendants violated 15 U.S.C. §1692e(2)(A) by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium.

47.     Defendants violated 15 U.S.C. §1692e(2)(A) by reporting derogatory tradelines to national credit bureaus during the foreclosure moratorium.

48.     Defendants violated 15 U.S.C. §1692e(4) by representing that nonpayment would result in foreclosure during the foreclosure moratorium.

49.     Defendants violated 15 U.S.C. §1692e(5) by threatening "to foreclose on the property" during the foreclosure moratorium.

50.     Defendants violated 15 U.S.C. §1692e(8) by reporting false and derogatory tradelines to national credit bureaus during the foreclosure moratorium.

51.     Defendants violated 15 U.S.C. §1692e(10) by initiating foreclosure proceedings during the foreclosure moratorium.

52.     Defendants violated 15 U.S.C. §1692e(10) by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium.

### (Unfair or unconscionable means)

53.     Defendants used unfair means to collect a debt in violation of 15 U.S.C. §1692f by initiating foreclosure proceedings during the foreclosure moratorium.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

54.     Defendants used unfair means to collect a debt in violation of 15 U.S.C. §1692f by failing to provide a 90-day deferment period during the foreclosure moratorium.

55.     Defendants used unfair means to collect a debt in violation of 15 U.S.C. §1692f by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium.

56.     Defendants used unfair means to collect a debt in violation of 15 U.S.C. §1692f by reporting derogatory tradelines to national credit bureaus during the foreclosure moratorium.

57.     Defendants used unconscionable means to collect a debt in violation of 15 U.S.C. §1692f by initiating foreclosure proceedings despite the foreclosure moratorium.

58.     Defendants used unconscionable means to collect a debt in violation of 15 U.S.C. §1692f by failing to provide a 90-day deferment period during the foreclosure moratorium.

59.     Defendants used unconscionable means to collect a debt in violation of 15 U.S.C. §1692f by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium.

60.     Defendants used unconscionable means in violation of 15 U.S.C. §1692f by reporting derogatory tradelines to national credit bureaus during the foreclosure moratorium.

61.     Defendants used unfair means to collect a debt in violation of 15 U.S.C. §1692f(1) by initiating foreclosure proceedings during the foreclosure moratorium.

62.     Defendants used unfair means to collect a debt in violation of 15 U.S.C. §1692f(1) by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium.

63.     Defendants used unconscionable means to collect a debt in violation of 15 U.S.C. §1692f(1) by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## SECOND CLAIM FOR RELIEF

### CONSUMER PROTECTION PROCEDURES ACT
### DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

64.     White repeats, re-alleges and incorporates by reference paragraphs 1-63 inclusive, above, as if fully set forth herein.

65.     Rushmore violated D.C. Code § 28-3904(e) by initiating foreclosure proceedings during the foreclosure moratorium.

66.     Rushmore violated D.C. Code § 28-3904(e) by attempting to collect "late charges, attorney's fees, and costs" during the foreclosure moratorium

67.     Rushmore violated D.C. Code § 28-3904(e) by reporting derogatory tradelines to national credit bureaus during the foreclosure moratorium.

68.     Rushmore violated D.C. Code § 28-3904(e) by attaching a sham "Assignment of Mortgage" to evade standing challenges.

69.     Rushmore violated D.C. Code § 28-3904(e-1) by misrepresenting its right to foreclose during the foreclosure moratorium.

70.     Rushmore violated D.C. Code § 28-3904(f) by concealing White's 90-day deferral period during the foreclosure moratorium.

71.     Rushmore violated D.C. Code § 28-3904(f) by concealing its obligation to waive "late charges, attorney's fees, and costs" during the foreclosure moratorium.

72.     Rushmore violated D.C. Code § 28-3904(f) by concealing its obligation to cease reporting derogatory tradelines to national credit bureaus during the foreclosure moratorium.

### THIRD CLAIM FOR RELIEF
### ABUSE OF PROCESS

73.     White repeats, re-alleges and incorporates by reference paragraphs 1-72 inclusive, above, as if fully set forth herein.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

74.     Defendants perverted legal process by instigating foreclosure proceedings suit in the United States District Court for the District of Columbia to in violation of the foreclosure moratorium.

75.     Defendants perverted legal process by manufacturing a sham "Assignment of Mortgage" for the ulterior purpose of evading standing challenges.

76.     Defendants perverted legal process by persisting with litigation known to be baseless because of the foreclosure moratorium.

77.     Defendants acted with malice and a conscious disregard for White's rights.

78.     Defendants' depravity caused White damages sufficient for an award of exemplary damages.

## PRAYER FOR RELIEF

White requests the following relief:

1. Actual damages;

2. Statutory damages;

3. Treble damages;

4. Punitive damages; and

5. Costs of suit and reasonable attorney's fees.

## JURY DEMAND

White demands trial by jury.

LAW OFFICES OF
**DEAN GREGORY**
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

DATED:  August 5, 2020

Respectfully submitted,

*Dean Gregory*

Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1629 K Street NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 804-8975
Facsimile: (202) 804-6675
Email: dean@deangregory.com

*Attorney for Plaintiff Thomas White*